FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 14, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DENISE CARTER GRAY and BLAIR GARTHRIGHT**, individually and on behalf of those similarly situated,

        Plaintiffs,

v.

**EQUIFAX INFORMATION SERVICES, LLC**, a Georgia limited liability company,

        Defendant.

Case No.: **17-6095**

Jury Trial Demanded

# CLASS ACTION COMPLAINT

Plaintiffs, DENISE CARTER GRAY and BLAIR GARTHRIGHT ("Plaintiffs"), by and through counsel, individually, on behalf of all others similarly situated, and for their Class Action Complaint against Defendant Equifax Information Services, LLC ("Equifax" or "Defendant"), state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff DENISE CARTER GRAY is a natural person and at all relevant times has been residing in Garland County, Arkansas. Plaintiff Gray is, and at all times relevant was, a "consumer" as that term is understood under 15 U.S.C. 1681a(c).

2.    Plaintiff BLAIR GARTHRIGHT is a natural person and at all relevant times has been residing in Garland County, Arkansas. Plaintiff Garthright is, and at all times relevant was, a "consumer" as that term is understood under 15 U.S.C. 1681a(c).

3.    Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company incorporated under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street NE, Atlanta, GA and doing business in the State of Ohio.

Equifax may be served in this matter by service upon: Corporation Service Company, 300 Spring Bldg., Ste. 900, 300 S. Spring St., Little Rock, AR. 72201

4. Equifax is a "Consumer Reporting Agency" (or "CRA") as that term is defined by 15 U.S.C. 1681a(f).

5. Equifax is also a "Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a Nationwide Basis" as that term is defined under 15 U.S.C. 1681a(p).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as this case alleges a violation of federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA").

7. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. 1367.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c), as the Plaintiffs reside within the District, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Equifax regularly conducts business in this District.

## INTRODUCTION

9. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), to insure fair and accurate credit reporting, promote efficiency in the banking system, and, as most relevant to this Complaint, protect

consumer privacy.  The FCRA imposes duties on the CRAs to protect consumer's sensitive personal information.

10. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise follow from the compromise of a consumer's sensitive personal information.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and a consumer's substantive right to protection from damage to reputation, shame, mortification, and emotional distress that naturally follows from the compromise of a person's identity.

11. A central duty that the FCRA imposes upon CRAs is the duty to protect the consumer's privacy by guarding against inappropriate disclosure to third parties.  15 U.S.C. 1681b codifies this duty, and permits a CRA to disclose a consumer's information only for one of a handful of exclusively defined "permissible purposes."  To ensure compliance, CRAs must maintain reasonable procedures to ensure that such third party disclosures are made exclusively for permissible purposes.  15 U.S.C. 1681e(a).

12. The FCRA defines "consumer report" broadly, as "any written, oral, or other communication of any information by a CRA bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title."  15 U.S.C. § 1681a(d).

13. The FCRA also entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "All information in the consumer's file at the time of the request." 15 U.S.C. 1681g(a)(1). Through immediate review of the details of when, and for what purpose, a consumer's information has been disclosed to a third party, a consumer may better understand whether their identity has been stolen.

14. The FCRA also entitles consumers to actively protect their privacy rights in cases of suspected identity theft. Specifically, a consumer who believes he or she has been the victim of identity theft can submit a fraud alert to a consumer reporting agency. 15 U.S.C. 1681c-1. The consumer can either request that the fraud alert be imposed for a 90-day period, or for an extended period of seven years. 15 U.S.C. 1681c-1(a)-(b). In the event a consumer requests "extended" protection, a consumer reporting agency must remove the consumer from any list of third parties to whom the agency sends the consumer's information to extend firm offers of credit, and keep the consumer off of any such a list for five years, unless the consumer requests otherwise. 15 U.S.C. 1681c-1(b)(1)(B). After being notified of a fraud alert, a CRA must send notification of the alert to the consumer reporting agencies which report information on a nationwide basis. 15 U.S.C. 1681c-1(a)(1)(B); *see* 15 U.S.C. 1681a(p).

15. After fraud notification, the FCRA provides the consumer additional rights to independently monitor their credit information to protect their privacy. Specifically, once notified of a consumer's fraud notification, a CRA must, within three days of the notification, provide the consumer with all of the disclosures required under 15 U.S.C. 1681g. 15 U.S.C. 1681c-1(a)(2), 1681c-1(b)(2). When a consumer requests that an "extended" fraud alert be

placed on their files, the consumer is entitled to request two free disclosures under 15 U.S.C. 1681g within the 12-month period following notification of a fraud alert. 15 U.S.C. 1681c-1(b).

16. Thus, through immediate review of the details of when, and for what purpose, a consumer's private information has been disclosed to a third party, a consumer may better understand whether their identity has been stolen. And through semi-annual review of their consumer disclosures in the case of an "extended" alert, a consumer can periodically check to determine whether efforts to protect their identity after potential fraud have not been successful. Thus, the FCRA presupposes that consumers subject to potential fraud should be permitted the immediate opportunity to investigate the issues themselves and ascertain the extent of any suspected fraud.

17. Plaintiffs, individually and on behalf of those similarly situated, bring this action to challenge the actions of Defendant in the protection and safekeeping of the Plaintiffs' and Class members' personal information.

18. Defendant failed to properly safeguard the information of Plaintiffs and Class members, as required under 15 U.S.C. 1681e(a).

19. Additionally, Defendant's failure to properly safeguard the personal information of Plaintiffs and the Class members is an unfair and unlawful business act and practice, in violation of Ark. Code Ann. §§4-88-101, *et seq*.

## GENERAL ALLEGATIONS

20. On July 29, 2017, Equifax discovered that one or more of its servers, which contained Plaintiffs' sensitive personal information including Plaintiffs' names, full Social Security number, birth dates, addresses, and, upon belief, their driver's license numbers and

possibly one or more of their credit cards, had been breached or "hacked" by a still unknown third party.

21. Upon belief, when Equifax discovered this breach, Equifax immediately began an internal investigation and contracted with an unidentified third-party cybersecurity firm to conduct a comprehensive forensic review to determine the scope of the hack including identifying the specific data impacted. As of the filing of this Complaint, that investigation remains ongoing and has yet been completed despite over six weeks elapsing since the initial breach.

22. On September 7, 2017, major news outlets began reporting about the July 29, 2017 incident. (*See, e.g.*, *Massive Equifax Data Breach Could Impact Half of the U.S. Population*, Alyssa Newcomb, NBCNEWS, Sept. 7, 2018, available at: https://www.nbcnews.com/tech/security/massive-equifax-data-breach-could-impact-half-u-s-population-n799686).

23. For the Plaintiffs, as with all potential Class members, these news stories were the first time that they had been informed that their information secured by Equifax had been compromised six (6) weeks earlier, and she now lives in constant fear that her information has been compromised.

24. Equifax's decision to wait six (6) weeks after the alleged data breach before informing all consumers of the same was willful, or at least negligent. Further, by depriving Plaintiffs and Class members information about the breach in a timely manner, Equifax subjected each consumer to a concrete informational injury, as these consumers were deprived of their opportunity to meaningfully consider and address issues related to the potential fraud, as well as

6

to avail themselves of the remedies available under the FCRA to prevent further dissemination of their private information.

25. Equifax has been subject to numerous allegations regarding data breaches in the past. (*See, e.g.*, *A Brief History of Equifax Security Fails,* Thomas Fox-Brewster, FORBES, Sept. 8, 2017, available at: https://www.forbes.com/sites/thomasbrewster/2017/09/08/equifax-data-breach-history/#63dc4270677c). In light of Equifax's continual failure to ensure the integrity of its file storage systems in light of known defects to the same, Equifax willfully, or at least negligently, failed to enact reasonable procedures to ensure that consumer reports would only be provided for a permissible purpose. By failing to establish reasonable procedures to safeguard individual consumer's private information, Equifax deprived millions of consumers from a benefit conferred on them by Congress, which, now lost, cannot be reclaimed.

26. The harm to Plaintiffs and Class members was complete at the time the unauthorized breaches occurred, as the unauthorized disclosure and dissemination of private credit information causes harm in and of itself.

27. On September 7, 2017, Equifax began to offer consumers like the Plaintiffs and Class members an allegedly dedicated secure website where consumers could determine if their information was compromised (https://www.equifaxsecurity2017.com) and offer consumers "free" credit monitoring through an Equifax product, TrustedID Premier (https://www.equifaxsecurity2017.com/enroll/), for one year.

28. Plaintiffs, upon checking the website, both received messages that their information may have been compromised.

## CLASS ALLEGATIONS

29.     Plaintiffs bring this action on behalf of a nationwide class of all similarly situated individuals ("Class"), defined as: "all persons in the United States for whom Equifax stored private, personal information that was released as a result of the data breach."

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

30.     Plaintiffs also bring this action on behalf of a subclass of all similarly situated individuals in Arkansas ("Subclass"), defined as: "all persons in Arkansas for whom Equifax stored private personal information that was released as a result of the data breach."

Excluded from the Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

31.     At this time the Plaintiffs do not know the size of the Class because the information is exclusively in the possession of the Defendant, but Plaintiffs believe that the potential number of Class members are so numerous that joinder would be impracticable.  It has been reported that the Class could consist of over 100 million people.  The number of Class members can be determined through discovery.

32.     All members of the Class have been subject to and affected by a uniform course of conduct in that all Class members' personal information was compromised during the data

breach. These are questions of law and fact common to the proposed Class that predominate over any individual questions. The questions common to all Class members include, but are not limited to:

    a.    Whether Defendant had implemented reasonable procedures to ensure that all third parties who accessed Plaintiffs' and Class members' private credit information did so for a permissible purpose;

    b.    Whether Defendant failed to notify consumers of the data breach within a reasonable period of time;

    c.    Whether Defendant failed to block the reporting of information on consumers' files that were the result of the data breach;

    d.    Whether Plaintiffs and Class members suffered damages as a result of Defendant's failure to comply with FCRA based on the improper dissemination of their credit information as a result of the data breach;

    e.    Whether Plaintiffs and Class members are entitled to statutory damages; and

    f.    Whether Plaintiffs and Class members are entitled to punitive damages.

33.    Plaintiffs' claims are typical of the class, as Plaintiffs' personal information was compromised during the data breach. All claims are based on the same legal and factual issues.

34.    Plaintiffs will adequately represent the interests of the class and do not have an adverse interest to the class. If individual class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiffs' counsel has experience litigating consumer class actions.

35.    Further, under Fed. R. Civ. Pro. 23(a), Defendant acted on grounds generally applicable to the proposed Class, making appropriate final declaratory and injunctive relief with respect to the proposed Class as a whole.

## COUNT ONE: VIOLATION OF 15 U.S.C. 1681, *et al.*

36. Plaintiffs restate all allegations contained in Paragraphs 1 through 35 as if fully rewritten herein.

37. This Count is brought on behalf of the nationwide Class.

38. Based upon Equifax's failure to have reasonable procedures in place, Plaintiffs' private information was compromised, and neither the Plaintiffs nor Class members received notice of the data breach, except through the media, until approximately six (6) weeks after the breach occurred.

39. As a direct and proximate result of the foregoing, Plaintiffs and Class members have suffered injuries including, but not limited to mental anguish, emotional distress, fear, panic, stress, and the continued worry that their identities have been compromised and are being used fraudulently.

40. As a result of each and every willful violation of FCRA, Plaintiffs and Class members are entitled to: actual damages, pursuant to 15 U.S.C. 1681n(a)(1); statutory damages, pursuant to 15 U.S.C. 1681n(a)(1); punitive damages, as this Court may allow, pursuant to 15 U.S.C. 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. 1681n(a)(3).

41. As a result of each and every negligent non-compliance of the FCRA, Plaintiffs and Class members are also entitled to actual damages, pursuant to 15 U.S.C. 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1681o(a)(2) from Defendant.

## COUNT TWO: VIOLATION OF ARK. STAT. ANN. §§4-88-101, *et seq.*

42. Plaintiffs restate all allegations contained in Paragraphs 1 through 35 as if fully rewritten here.

43. This Count is brought on behalf of the Arkansas Subclass.

44. At all times there was in full force and effect the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. §§4-88-101, *et seq.*

45. The ADTPA prohibits, *inter alia*, using deceptive and unconscionable trade practices. Ark. Code Ann. §4-88-107(10).

46. Defendant engaged in unfair and unlawful acts and practices by failing to maintain adequate procedures to avoid a data breach, furnishing consumer reports that Defendant has reasonable grounds to believe will not be used for a proper purpose, and failing to notify Plaintiffs and Subclass members of the data breach within a reasonable time.

47. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy and unscrupulous, and which caused injury to Plaintiffs and Subclass members.

48. As a direct and proximate result of the foregoing, Plaintiffs and Subclass members have suffered injuries including, but not limited to mental anguish, emotional distress, fear, panic, stress, and the continued worry that their identities have been compromised and are being used fraudulently.

49. Upon information and belief, Defendant has also engaged in unconscionable and deceptive acts or practices by knowingly taking advantage of consumers who are reasonably unable to protect their interests due to either physical infirmities, ignorance, illiteracy, inability to understand the language of the agreement, and/or other similar factors in violation of Ark. Code Ann. §4-88-107(8).

50. Defendant engaged the foregoing conduct in the course of trade and commerce.

51. As a result of each and every violation of the ADTPA, Plaintiffs and Subclass members are entitled to actual damages and reasonable attorney's fees, pursuant to Ark. Code Ann. §4-88-113(f).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DENISE CARTER GRAY and BLAIR GARTHRIGHT, individually and on behalf of the Class, respectfully request the following relief against Defendant Equifax Information Services, LLC:

A) For an award of actual damages against Defendant for all allegations contained in Count One and Count Two;

B) For an award of statutory damages pursuant to 15 U.S.C. 1681n(a)(1) against Defendant for the allegations contained in Count One for each eligible Class member and the Plaintiff;

C) For an award of punitive damages against Defendant for the allegations contained in Count One as this Court may allow pursuant to 15 U.S.C. 1681n(a)(2);

D) For an award of the costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. 1681n(a)(3) and 15 U.S.C. 1681(o)(1)(1) against Defendant for each incident of noncompliance of FCRA alleged in Count One and under the ADTPA as alleged in Count Two;

E) For all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/Annabelle Lee Patterson
Annabelle Lee Patterson (ABN #85204)
ab@apattersonlaw.com
ANNABELLE LEE PATTERSON, PLC
646 Quapaw Ave.
Hot Springs, AR.  71901
(501) 701-0027 telephone
(972) 559-3956 facsimile

/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*Pro Hac Vice Application to Be Submitted*

Robert A. Clifford
*rac@cliffordlaw.com*
Shannon M. McNulty
*smm@cliffordlaw.com*
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090 telephone
(312) 899-9090 facsimile
*Pro Hac Vice Application to Be Submitted*

Marc E. Dann
Brian D Flick
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Pro Hac Vice Application to Be Submitted*

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 fax
*dkrieger@hainesandkrieger.com*
*Pro Hac Vice Application to Be Submitted*

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.

13

        Nevada Bar No. 13848
        KNEPPER & CLARK LLC
        10040 W. Cheyenne Ave., Suite 170-109
        Las Vegas, NV 89129
        Phone: (702) 825-6060
        FAX: (702) 447-8048
        matthew.knepper@knepperclark.com
        miles.clark@knepperclark.com
        *Pro Hac Vice Application to Be Submitted*

        Sean N. Payne
        Nevada Bar No. 13216
        PAYNE LAW FIRM LLC
        9550 S. Eastern Ave. Suite 253-A213
        Las Vegas, NV 89123
        702-952-2733
        Fax: 702-462-7227
        Email: seanpayne@spaynelaw.com
        *Pro Hac Vice Application to Be Submitted*

        *Counsel for the Plaintiffs and the Class*

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury on all issues so triable.

        */s/* Annabelle Lee Patterson
        *Counsel for Plaintiffs and the Class*